———+o●●+———

PIPKIN *et al.*, Defendants in Error, v. ALLEN & WIFE, Plaintiffs in Error.

1. Where a final judgment in a partition suit has not been rendered, a writ of error will not lie.
2. Where two own a tract of land as tenants in common, and a third person acquires title to a portion thereof by adverse possession under the statute of limitations, the portion thus lost will be the common loss of the two estates held in common, and will be distributed between them according to their respective interests.
3. Where a person, owning a tract of land containing, say twelve hundred acres, conveys five hundred acres thereof, not designating the land conveyed by metes and bounds, the purchaser will hold an undivided interest in the whole proportional to the number of acres conveyed to him.

*Error to Jefferson Circuit Court.*

This was an action for partition of a tract of five hundred and forty arpens of land. The facts are briefly as follows: The plaintiffs Pipkin and Beal claim to be tenants in common with the defendants of said tract. Plaintiffs claim two hundred acres each, leaving forty acres for defendants. David Boyle claimed a settlement and improvement right containing one thousand two hundred and twenty arpens. Six hundred and forty acres of this tract were afterwards confirmed by the United States. On the 23d of November, 1813, Boyle executed a deed of conveyance, recorded February, 1814, in favor of William Russell. By this deed Boyle conveyed to Russell a tract of seven hundred and twenty arpens, described as follows: " Seven hundred and twenty arpens of land, be the same more or less; that is to say, that said David Boyle claimed a settlement and improvement right of one thousand two hundred and twenty arpens of land situated on Sandy Creek, in the late district (and present county) of St. Louis, five hundred arpens of which have been selected by the recorder of land titles as being ratified by the law of Congress; which five hundred arpens the said David Boyle and Jenny his wife have sold to James Anderson; the balance and remainder of the said tract and claim of land, being seven hundred and twenty arpens, on Sandy Creek as aforesaid, which said balance of seven hundred and twenty arpens, be the same more or less, as the title thereof, or of any part thereof, is or may be eventually ratified, he, the said David Boyle, for the sum and consideration aforesaid, does by these presents grant, bargain and sell to the said Russell, his heirs and assigns forever, together with all hereditaments and appurtenances which to the said seven hundred and twenty arpens in anywise belong, to him the said Russell, his heirs, &c., at the entire risk and hazard by him, the said Russell, without any recourse whatever to the said Boyle or his heirs for the consideration money, or for any other costs," &c. Plaintiffs claim title

under said James Anderson. Anderson died in St. Louis in 1812.

On the 28th of February, 1814, Boyle conveyed by metes and bounds five hundred arpens of said tract of one thousand two hundred and twenty arpens to Adam Brown. Evidence was introduced with a view to show that the tract thus conveyed to Brown was the same that had been previously conveyed to Anderson. Brown, in 1815, conveyed the same to one Hammond. Hammond conveyed four hundred acres to William Russell in 1817. Hammond conveyed one hundred acres to one Metts. This tract of one hundred acres conveyed to Metts had been in the adverse possession of Metts for more than twenty years. It was embraced within the six hundred and forty acres confirmed to Boyle. Evidence was introduced with a view to show that the sale of Boyle to Anderson had been rescinded. It consisted of statements made by a witness to the effect that he had, after the sale to Anderson, seen the horse and cart, that he understood constituted the consideration given by Anderson to Boyle, in the possession of Anderson. Defendants claim title under William Russell.

The court gave the following instructions at its own instance: " 1. The adverse titles of the plaintiffs and defendants in this cause depending on a priority of the dates of their acquisition by each respectively from David Boyle, the confirmee, the jury will render their verdict for the party who has shown the prior right. 2. The defendants, having shown a chain of title deeds from David Boyle to themslves, are entitled to their verdict, unless the plaintiffs have satisfied them that before the date of the deed of Boyle to Brown, said Boyle had sold the land in controversy to James Anderson, which sale remained uncancelled or undisposed of by him at the date of his (Boyle's) deed to Brown; and if they find the latter proposition to be true, they will find for the plaintiffs. 3. By the law in force in the territory of Missouri at the date of the alleged sale by Boyle to Anderson, a verbal contract of sale was sufficient to pass a title from

him to said Anderson, and no deed was necessary for that purpose."

The court gave the following instruction at the instance of the plaintiffs : " 4. The recital contained in the deed from David Boyle to William Russell dated November 22, 1813, that David Boyle and Jenny his wife had sold to James Anderson five hundred arpens of the tract of land mentioned therein, is evidence of that fact for their consideration against the present defendants ; and unless the jury find from the evidence in the case that such sale was afterwards cancelled by the parties, the plaintiffs are entitled to an interest of five hundred arpens in the tract of land mentioned in the petition, and the jury will so find."

The defendants asked the court to instruct the jury as follows : " 5. If the jury find from the evidence that Metts became the owner of one hundred acres of the land, five hundred arpens, in controversy, then, if the plaintiff recovers at all, he can only recover the five hundred arpens diminished by one hundred acres. 6. If the jury find from the evidence that the agreement between Boyle and Anderson in reference to the five hundred arpens of land was rescinded, or that the agreement was transferred by Anderson to Brown, and that Boyle made the conveyance to Brown in fulfillment of the agreement, the plaintiff can not recover, and the jury will find for the defendants." Of these the court refused instruction No. 5, and gave instruction No. 6.

The jury found the plaintiffs " entitled to three hundred and twenty-five acres of the land in controversy. " The court ordered that partition be made among the parties according to their respective rights as ascertained, and appointed commissioners to make partition. At this stage defendants sued out a writ of error to the supreme court.

*Frissell*, for plaintiffs in error.

I. Plaintiffs, if they have any rights, have mistaken their remedy. There is no tenancy in common in the case. No one sets up a claim adverse to Mrs. Allen to the land outside

the five hundred arpens. Pipkin and Beal own by metes and bounds. The boundaries of the five hundred arpens are clearly defined in the deed from Boyle to Brown. The instructions given were erroneous. The first instruction assumes that the titles of both plaintiffs and defendants are good, without referring to any fact to be found by the jury. The second instruction is also erroneous. The third instruction is also wrong. Verbal sales under the Spanish law, to be valid, must be followed by possession. Anderson never was in possession. Metts owned one hundred acres out of the five hundred arpens. Plaintiffs had no right to make that land off of defendant. The instruction asked by defendant should have been given.

*Noell* and *Beal*, for defendants in error.

I. There is no final judgment upon which a writ of error will lie. (26 Mo. 506 ; 20 Mo. 432.) The interest of Pipkin and Beal was an undivided interest as tenant in common. The five hundred arpens were to be carved out of the whole survey. The deed to Brown is to be thrown out of the account. We are not bound by the recitals of that deed. The sale to Anderson was prior in point of time. Anderson was dead when the deed to Brown was executed.

SCOTT, Judge, delivered the opinion of the court.

The question whether the plaintiffs and defendants were tenants in common of the land in controversy was not raised on the trial in the court below ; it is not, therefore, regularly here. But we will consider whether there is any foundation for that objection. Boyle was possessed of a large tract of land. He made a deed to Russell, in which it is recited that the said Boyle claimed a settlement and improvement right of twelve hundred and twenty arpens of land situate on Sandy Creek, " five hundred arpens of which have been selected by the recorder of land titles as being ratified by the laws of Congress ; which five hundred arpens the said David Boyle and Jenny his wife have sold to James Anderson ; the

balance and remainder of the said tract and claim of land, being seven hundred and twenty arpens, situate on Sandy Creek as aforesaid, which said balance of seven hundred and twenty arpens, be the same more or less, as the title thereof, or of any part thereof, is or may be eventually ratified, he, the said Boyle, for the sum and consideration, &c., does by these presents grant, bargain and sell to the said Russell," &c. The recorder of land titles confirmed six hundred and forty acres of this tract. There is no evidence that he ever selected five hundred arpens ; indeed we know this is not so. There is, then, no description of the five hundred arpens conveyed to Anderson. The case is like that of a man's owning a tract of land containing fifteen hundred acres, and he sells five hundred acres of the tract to another without any other description. In such case, would the deed be void for the uncertainty of the manner in which the land conveyed was described ; or, *ut res magis valeat quam pereat*, would not the vendee hold as tenant in common with the seller, and would not the tract be divided between them in proportion to their respective interests ? Such we conceive to be this case. Russell succeeding to the right of Boyle, stands in the same relation to Anderson that Boyle did.

If there is once a tenancy in common established between the holders of the Russell and Anderson titles, it must follow that, Metts entering subsequently on the land and occupying a portion of it adversely before any partition or division of the common land, the portion obtained by him under the statute of limitations must be the common loss of the two estates held in common. Although Brown claimed Anderson's interest located by metes and bounds, and sold it to Hammond by metes and bounds, and Hammond a portion of it by metes and bounds to Metts, yet it is obvious that these acts could not affect those claiming Anderson's interest by a prior right. Brown and those claiming under him could not, by their acts and declarations, affect the interests of those who were strangers. Although those claiming under Brown had located Metts on a particular part of the tract, yet they had no right

Pipkin v. Allen.

to do so at the expense of those who held an interest in Anderson's claim prior to that of Brown. Then, as the tenants of the Anderson and Russell titles had undivided interests in the confirmation of six hundred and forty acres, if a portion of the common property is lost, the loss must be borne by the tenants in common in proportion to their respective interests. There was, therefore, no error in refusing the defendants' instruction to the effect that Metts' claim should be deducted entirely from the interest of those claiming under Anderson. Indeed, according to the calculation we make, the allotment of the portions, as made by the court, was much more favorable than the rule we have laid down would warrant. Say Anderson's five hundred arpens (rejecting fractions) was equal to four hundred and seventeen acres ; then his proportion of the loss—the entire loss being one hundred acres out of the six hundred and forty, which was all that was confirmed—would be sixty-four acres. Russell's interest being two hundred and twenty-three acres, the remainder of the six hundred and forty acres, after deducting the four hundred and seventeen acres, would be about thirty-six acres. This would give Anderson three hundred and fifty-three acres, and Russell one hundred and eighty-seven acres. The portion given to those claiming under Anderson by the decree is three hundred and twenty-five acres, and that to those claiming under Russell is two hundred and fifteen acres. This is an answer to the error complained of in the instruction given at the instance of the plaintiffs, by which the jury were directed that the interest of the plaintiffs in the land in controversy was five hundred arpens.

We do not conceive that there is any cause for complaint on the part of the defendants against instructions numbered one and two. The two instructions, taken together, were as favorable as the case made by the defendants would warrant. Although the jury was told by the first instruction that they should give their verdict for the party showing the prior right, yet the second instruction following immediately after, and explaining the first, presented the defendants' case in as favorable a light as they could have desired.

This writ of error having been sued out before there was a final judgment — the judgment being that partition be made, and no partition having been made and confirmed — will be dismissed.

The other judges concur. Writ dismissed.